2015 IL App (1st) 143089

No. 1-14-3089

Opinion filed September 29, 2015

Second Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ILLINOIS SERVICE FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHICAGO, | ) ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | No. 13 CH 18131 |
| v. | ) | |
| | ) | |
| BARBARA MANLEY, BARBARA'S SOUL FOOD RESTAURANT CORPORATION, UNKNOWN OWNERS and NONRECORD CLAIMANTS, | ) ) ) ) | The Honorable Anna M. Loftus, |
| | ) | Judge, presiding. |
| Defendants-Appellants. | ) | |

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Presiding Justice Pierce and Justice Simon concurred in the judgment and opinion.

**OPINION**

¶ 1     Illinois Service Federal Savings and Loan Association of Chicago (Illinois Service) filed a complaint against Barbara Manley to foreclose a mortgage and submitted an affidavit from a process server, stating he personally served Manley at her home. Manley failed to file an appearance and the circuit court entered a default judgment in the bank's favor. After the property was sold to a successful bidder, Manley filed a *pro se* petition to quash personal jurisdiction, claiming she was never served with the summons and complaint. Manley then retained a lawyer, who filed an appearance and an amended motion to quash personal

jurisdiction. After a hearing, the circuit court denied Manley's *pro se* motion to quash and struck her amended motion to quash on the grounds that it was never sent to the court or the other parties. Manley then filed a motion for leave to amend the motion to quash. After entering an order confirming the sale, the trial court denied Manley's motion for leave to amend the motion to quash on the grounds that it sought reconsideration of the order denying her *pro se* motion to quash, and thus was not timely filed.

¶ 2      Manley contends the trial court erred in (i) striking her amended motion to quash; (ii) treating her motion for leave to amend the motion to quash as a motion for reconsideration; and (iii) confirming the judicial sale. We affirm. Manley failed to properly provide notice of her amended motion to quash service, thus the trial court did not abuse its discretion in striking it. The court also did not err in denying Manley's request for leave to amend the motion to quash, which was untimely filed. Finally, the trial court properly confirmed the judicial sale because Manley failed to corroborate by clear and convincing evidence her denial of service.

¶ 3                                    BACKGROUND

¶ 4      Barbara Manley obtained a mortgage from Illinois Service Federal Savings and Loan Association of Chicago on May 18, 2011, on property located at 353 East 51st Street in Chicago, where Manley operated Barbara's Soul Food restaurant. Manley resided nearby at 5176 South King Drive. On August 1, 2013, Illinois Service filed a complaint for foreclosure, alleging Manley had not made a payment since January 1, 2013, and currently owed $55,606.44 in principal, plus interest. On September 5, 2013, Illinois Service filed affidavits from Gerald Keeley, a process server, stating that on August 7, 2013, he personally served Manley at her residence and served Barbara's Soul Food Corporation's registered agent, James Brown, at his home. Unknown owners and nonrecord claimants were served by publication.

¶ 5    Manley did not appear at the initial January 28, 2014, case management conference. On February 27, 2014, Illinois Service filed a motion for default judgment, an affidavit of prove-up, alleging the amount Manley was in default, and a motion to appoint a selling officer.

¶ 6    On March 20, 2014, the circuit court entered an order of default against Manley and a judgment of foreclosure and sale in the amount of $75,073.77. The court also appointed the Judicial Sales Corporation as the selling officer, which sold the property to Boulder Real Estate Group LLC on May 5, 2014. Shortly thereafter, Boulder filed a petition for leave to intervene, a motion for approval of sale and distribution, and a motion for possession. Boulder mailed copies of the motions to Manley and Barbara's Soul Food Corporation.

¶ 7    On June 11, 2014, Manley filed a *pro se* motion to quash service under section 2-203(a) of the Illinois Code of Civil Procedure (735 ILCS 5/2-203(a) (West 2012)), claiming Illinois Service never personally served her with the summons and complaint. She asked the court to quash personal service against her and dismiss Illinois Services' foreclosure summons and complaint, without prejudice. The circuit court granted Manley leave to file her appearance and the *pro se* motion to quash service, *instanter*, and set the motion for a hearing.

¶ 8    Manley retained an attorney and on the day before the hearing on Manley's *pro se* motion, the attorney filed an appearance and an amended motion to quash service. The amended motion contended that she was at the restaurant and not at her home at the time Keeley claims he served her there. Manley's attorney did not send copies of the amended motion to the other parties, and thus, Illinois Service only filed a response to Manley's *pro se* motion to quash, arguing that Manley failed to present sufficient information to overcome the presumption of the validity of the process server's affidavit regarding personal service of Manley at her home.

¶ 9    Judge Loretta Eadie-Daniels denied Manley's *pro se* motion to quash service and struck her amended motion to quash. The record does not contain a report of proceedings, but the order states that "The amended motion to quash filed without leave of court on June 17, 2014 is stricken as it was not transmitted to the court or any of the other parties in the case. The court's ruling is based on the *pro se* motion to quash properly before the court today." The court also entered a scheduling order giving Manley until July 9, 2014, to reply to Boulder's petition to intervene and its motions for confirmation of sale and possession.

¶ 10    Manley did not file a response, but instead, on July 29, 2014, filed a motion for leave to file an amended motion to quash service. She scheduled presentment of the motion for November 6, 2014, and served the parties by regular mail. The motion included two affidavits from employees of Barbara's Soul Food Restaurant, asserting that at the time Keeley claims he served Manley at her home, she was at the restaurant.

¶ 11    On July 30, 2014, Judge Darryl B. Simko held a hearing on Boulder's petition to intervene and entered an order confirming sale and for possession. Boulder, Illinois Service, and Manley were present in court through counsel. Before addressing Boulder's petition to intervene and the motion confirming sale, Manley's counsel advised the court she had filed a motion for leave to file an amended motion to quash service the day before and had not responded to Boulder's motions because of Manley's position that, due to a lack of proper service, the circuit court did not have jurisdiction over her. Judge Simko told Manley's attorney he had not received the motion and it was not pending. The court entered an order granting Boulder's petition to intervene and an order confirming the sale and finding Boulder entitled to possession of the property. The court advised Manley's attorney that her "motion [for leave to file an amended

motion to quash] may or may not have to change depending on what you think, given today's order" and advising her that this was the final order and that "the clock starts running."

¶ 12    On August 26, 2014, Manley's attorney filed an emergency motion to advance the presentment hearing date of her motion for leave to file an amended motion to quash service. The court heard the emergency motion on September 9, 2014, and agreed to advance the presentment date. The court then denied the motion for leave on the grounds it had been filed late and, in essence, sought reconsideration of the June 18, 2014 order.

¶ 13    This court granted Manley's motion for leave to file a late notice of appeal.

¶ 14                                    ANALYSIS

¶ 15                            Amended Motion to Quash

¶ 16    Manley first contends the circuit court erred in striking her amended motion to quash jurisdiction on the grounds that she failed to seek leave of court or provide notice of the motion because: (1) she was not required to seek leave of court to file the motion; (2) she was not asking the court to consider the motion but was only advising the court she had filed it; and (3) the court struck the motion before she had an opportunity to provide notice to the court or the parties.

¶ 17    The abuse of discretion standard applies to a circuit court's ruling on a motion to amend pleadings. *Clemons v. Mechanical Devices Co.,* 202 Ill. 2d 344, 351 (2002); *I.C.S. Illinois, Inc. v. Waste Management of Illinois, Inc.,* 403 Ill. App. 3d 211, 219 (2010). Manley maintains a *de novo* standard applies but cites inapposite cases to support applying that standard of review. The cases relate to an appeal from a denial of a motion to quash, not from a denial of leave to amend a motion to quash. See *Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700.

¶ 18    As a preliminary matter, we consider Illinois Service's argument that Manley waived objection to jurisdiction by asking to respond to Boulder's motion to confirm the sale and petition

to intervene. Specifically, Illinois Service contends that at the June 18, 2014 hearing, after the court denied Manley's *pro se* motion to quash service and struck her amended motion to quash, Manley asked for a briefing scheduling on Boulder's motion to confirm the sale and petition to intervene.

¶ 19    A party may object to the court's jurisdiction over his or her person by filing a motion to quash service of process and arguing either that the party is not "amenable to process" of an Illinois court or that process was insufficient. 735 ILCS 5/2-301(a) (West 2012). An "[e]rror in ruling against the objecting party on the objection is waived by the party's taking part in further proceedings unless the objection is on the ground that the party is not amenable to process issued by a court of this State." 735 ILCS 5/2-301(c) (West 2012). A party does not waive its objection to a court's jurisdiction over the party's person so long as the party objects to the court's jurisdiction before the party files a motion or other responsive pleading. *Cardenas Marketing Network, Inc. v. Pabon*, 2012 IL App (1st) 111645, ¶ 24.

¶ 20    Manley initially filed a *pro se* motion challenging the trial court's jurisdiction. Further, the record does not support Illinois Service's contention that after denying her motion to quash, Manley asked the court for an opportunity to respond to the bank's motion to confirm the sale or the petition to intervene. The record indicates the setting of a briefing schedule but does not suggest Manley requested it. Even if she had, because she filed her motion to quash before filing any other motion or responsive pleading, she has not waived her objection to jurisdiction.

¶ 21                                  Failure to Seek Leave of Court

¶ 22    Turning to the merits, Manley contends the trial court erred in striking her amended motion to quash on the mistaken ground that she had to first seek leave of court. The language of the order, however, states otherwise, "The amended Motion to Quash filed without leave of

Court on June 17, 2014 is stricken as it was not transmitted to the Court or any of the other parties in the case." Although the order mentions leave of court, it relies on Manley's failure to notify the court or the other parties that she had filed the motion. Thus, Manley's contention that the trial court improperly required her to seek leave of court before filing the motion lacks merit.

¶ 23                                  Failure to Provide Notice

¶ 24        Manley next asserts the trial court erred in striking her amended motion to quash service for not providing notice when she had no opportunity to do so. Specifically, Manley asserts she obtained counsel on June 17 and on that date her attorney filed an appearance along with an amended motion to quash service. Manley's attorney appeared in court the next day, not to present the amended motion, but to advise the court that she was representing Manley and had filed the amended motion to quash service. She asserts that before she could provide notice of the motion to the court and the parties, she first had to wait until the trial court accepted her appearance. Thus, she simply did not have an opportunity to provide notice before the hearing on Manley's *pro se* motion to quash service.

¶ 25        Illinois Supreme Court Rule 104(b) (eff. Jan. 4, 2013) provides that "Pleadings subsequent to the complaint, written motions, and other documents required to be filed shall be filed with the clerk with a certificate of counsel or other proof that copies have been served on all parties who have appeared and have not theretofore been found by the court to be in default for failure to plead." On the day the court set to hear the *pro se* motion to quash service, Manley's attorney appeared and informed the court she had filed an amended motion to quash a day earlier. Because the motion to amend was not properly before the trial court, the court did not abuse its discretion in deciding to strike it.

¶ 26                     Motion for Leave to File Amended Motion to Quash

¶ 27          Manley next contends the trial court erred in denying her motion for leave to file an amended motion to quash service because it improperly viewed the motion as a motion for reconsideration. Manley asserts she sought leave to file an amended motion to address the court's objection to her June 17 amended motion to quash service, namely, that the motion was filed without notice to the court or the other parties. She states that in her motion for leave to file an amended motion, she did not ask the court to reconsider its order denying her motion to amend and thus, the court should not have treated it as a motion to reconsider but should have addressed her request for leave to file an amended motion on its merits. We disagree.

¶ 28          A trial court has broad discretion in deciding a motion to amend pleadings, and a reviewing court will not reverse the trial court's decision absent an abuse of discretion. *1515 North Wells, L.P. v. 1513 North Wells, L.L.C.*, 392 Ill. App. 3d 863, 870 (2009). Although Manley contends the motion for leave sought to address issues the court raised regarding her original amended motion to quash service, the trial court did not abuse its discretion in viewing it as a motion to reconsider the *pro se* motion to quash service. On June 18, 2014, the trial court denied Manley's *pro se* motion to quash service. The court also struck her amended motion to quash because the other parties were not provided notice of the motion nor was a copy transmitted to the court. On July 29, 2014, Manley's attorney filed a motion for leave to file an amended motion to quash. The *pro se* motion and the amended motion to quash attached to the request for leave make essentially the identical argument about improper service of the complaint. The *pro se* motion included Manley's unsigned affidavit stating she had not been personally served. The motion for leave and the amended motion to quash also included Manley's affidavit and two affidavits from Barbara's Soul Food restaurant employees attesting to

Manley's presence at the restaurant when the process server purportedly served her at home. The trial court did not abuse its discretion in treating the motion for leave as a motion to reconsider.

¶ 29    Section 2-1203(a) of the Illinois Code of Civil Procedure provides that "[i]n all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." 735 ILCS 5/2-1203(a) (West 2012). The decision to grant or deny a motion for reconsideration lies within the discretion of the circuit court and will not be reversed absent an abuse of that discretion. *North River Insurance Co. v. Grinnell Mutual Reinsurance Co.*, 369 Ill. App. 3d 563, 572 (2006). The intended purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence, changes in the law, or errors in the court's previous application of existing law. *Id.* "Newly discovered" evidence consists of evidence unavailable before the hearing so as to bar a litigant from standing mute, losing a motion, and then frantically gathering evidentiary material to show that the court erred in its ruling. *Id.*

¶ 30    Not only was Manley's amended motion to quash untimely, having been filed more than 30 days after the denial of her *pro se* motion, but it neglected to address why the affidavits from the two restaurant employees could not have been presented before the July 18 hearing on Manley's *pro se* motion to quash, and thus, was newly discovered evidence. Accordingly, the trial court did not abuse its discretion in denying the motion.

¶ 31                            Order Confirming Judicial Sale

¶ 32    Lastly, Manley argues the trial court order confirming the judicial sale should be vacated because the court did not have jurisdiction over her and thus no authority to enter the order.

¶ 33    As a preliminary matter, we address Illinois Service's argument that this court lacks jurisdiction to review the trial court's order confirming the judicial sale, because the notice of appeal does not specify that Manley is appealing that order. The notice of appeal indentifies only the September 9, 2014 order denying the motion for leave to file an amended motion to quash and does not mention the final order confirming the sale and distribution.

¶ 34    Illinois Supreme Court Rule 303(b)(2) provides that the notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Ill. S. Ct. R. 303(b)(2) (eff. May 30, 2008). "[O]nce the judgment or part is named, the 'notice of appeal confers jurisdiction on a court of review to consider only the judgements or parts thereof specified in the notice.' " *Filliung v. Adams*, 387 Ill. App. 3d 40, 48 (2008) (quoting *People v. Smith*, 228 Ill. 2d 95, 104 (2008)). "[A] notice of appeal will confer jurisdiction on an appellate court if the notice, when considered as a whole, fairly and adequately sets out the judgment complained of and the relief sought so that the successful party is advised of the nature of the appeal." *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 433-34 (1979). The notice of appeal, however, is to be liberally construed. *Id.* at 433.

¶ 35    Manley's notice of appeal seeks review of the September 9 order denying her motion for leave to file an amended motion to quash. It does not mention the July 30 order confirming the sale. But, throughout the proceedings, Manley maintained that the trial court lacked personal jurisdiction over her and thus, any orders entered by the trial court were void. Liberally construed, the notice of appeal, which challenges the trial court's denial of her motion for leave to file an amended motion to quash, challenges other orders the trial court could not enter adverse to Manley's interest if the court had no jurisdiction over her. Therefore, Manley's notice of appeal does inform Illinois Service that should the jurisdiction issue be decided in Illinois

Service's favor, Manley would ask this court to review the order confirming the judicial sale. Hence, we have jurisdiction to address that issue.

¶ 36        Service of process protects a defendant's due process rights by providing notice of an action and an opportunity to be heard. *Bank of New York Mellon v. Karbowski*, 2014 IL App (1st) 130112, ¶ 12. Failure to effect service as required by law deprives a court of jurisdiction over the person, and therefore, any default judgment based on defective service is void. *Id.* Whether the circuit court obtained personal jurisdiction over a defendant presents a legal question, which we review *de novo*. *Sutton v. Ekong*, 2013 IL App (1st) 121975, ¶ 17; see also *Karbowski*, 2014 IL App (1st) 130112, ¶ 10 (*de novo* standard applies to trial court ruling on motion raising jurisdictional issues where no evidentiary hearing held and trial court relied on parties' written submissions and counsel's arguments in ruling on motion to quash).

¶ 37        To determine whether the circuit court had personal jurisdiction over a defendant, we must consider the whole record, including the pleadings and the return of service. *Central Mortgage Co. v. Kamarauli*, 2012 IL App (1st) 112353, ¶ 28. In Illinois, the process server's return affidavit is *prima facie* evidence of proper service, and the affidavit of service should not be set aside unless impeached by "clear and convincing evidence." *Paul v. Ware*, 258 Ill. App. 3d 614, 617-18 (1994); *In re Jafree*, 93 Ill. 2d 450, 453 (1982). A court indulges in every reasonable presumption in favor of the affidavit's validity, and the uncorroborated account of the party served does not suffice to set aside that evidence. *MB Financial Bank, N.A. v. Ted & Paul, LLC*, 2013 IL App (1st) 122077, ¶ 24 (citing *Winning Moves, Inc. v. Hi! Baby, Inc.*, 238 Ill. App. 3d 834, 838 (1992), *Freund Equipment, Inc. v. Fox*, 301 Ill. App. 3d 163, 166 (1998), and *Paul*, 258 Ill. App. 3d at 617-18). Rather, to impeach the affidavit of service, the defendant needs affirmative evidence. *Id.*

¶ 38    Illinois Service maintained that it made personal service on Manley. Personal service can be made "by leaving a copy of the summons with the defendant personally." 735 ILCS 5/2-203(a)(1) (West 2012). An affidavit of service requires identification of the sex, race and approximate age of the defendant or other person with whom the summons was left and the place and time of day. 735 ILCS 5/2-203(b) (West 2012). The affidavit of process server Keeley included the information required by statute. The affidavit attesting to individual service on Manley indicated service on a black female, age 55, on August 7, 2013, at 7:59 p.m. at 5176 S. King Drive, 3rd Floor, Chicago, IL 60615.

¶ 39    Manley's challenge to service consists of her assertion that she never received the summons and complaint, that she lives alone at 5176 King Drive, and has never met Keeley. Those contentions do not defeat the presumption of the validity of the process server's affidavit. Although Manley contends she was 65 years old at the time Keeley served the summons, not 55, as the affidavit states, Manley did not refer to her age in her own affidavit or offer any proof of her age. Accordingly, Manley has not defeated the presumption of validity of the process server's affidavit. Thus, the circuit court had jurisdiction to confirm the judicial sale of the property.

¶ 40                                          CONCLUSION

¶ 41    We affirm the circuit court's order denying Manley's motion to quash service and its order affirming the judicial sale.

¶ 42    Affirmed.