2021 IL App (1st) 201227-U

No. 1-20-1227

Order filed August 12, 2021

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| MARIA ASHRAF, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 D2 30259 |
| | ) | |
| FARHAN QASIM MACHIYARA, | ) | Honorable |
| | ) | Jeanne M. Reynolds, |
| Respondent-Appellant. | ) | Judge, presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Justices Lampkin and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the trial court's default judgment when respondent did not file a timely answer or appearance; moreover, respondent's arguments on appeal are forfeited for failure to comply with Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020).

¶ 2    Respondent Farhan Qasim Machiyara appeals *pro se* from the trial court's default judgment granting petitioner Maria Ashraf's petition for dissolution of marriage. He contends that the court erred in granting the petition without permitting him to respond. We affirm.

¶ 3    The following facts are taken from the limited record on appeal, which includes the petition for dissolution of marriage, the special process server's affidavit, a transcript of the October 28, 2020 prove-up hearing, and the judgment of dissolution.

¶ 4    Petitioner and respondent married on April 16, 2016, and separated in April 2017. The parties share a minor child. On July 15, 2020, petitioner filed a petition for dissolution of marriage alleging irreconcilable differences and asserting that she lived in Cook County and respondent lived in Karachi, Pakistan.

¶ 5    On August 18, 2020, petitioner filed the affidavit of Noor Afshan, a special process server and attorney licensed in Karachi. Afshan averred that she personally served respondent on August 6, 2020, at 11:30 a.m. at A-334, Block 2, Guishan-e-Iqbal, in Karachi. The affidavit described the person served as male with brown skin and black hair, standing 5'7'', and weighing 160 pounds. The person served stated that his name was Farhan Qasim Machiyara.

¶ 6    On September 21, 2020, petitioner filed a motion for default as respondent had not filed an appearance or answer. On October 9, 2020, the trial court entered an order defaulting respondent and continuing the matter for prove up.

¶ 7    At the October 28, 2020 hearing, the court noted that respondent, who lived in Pakistan, was personally served and had not filed an answer or appearance. Petitioner's counsel stated that earlier that day, she verified with the clerk of court that respondent had not filed an appearance or other documents and represented to the court that respondent had not contacted her or petitioner.

¶ 8    Petitioner testified that respondent had not served her with dissolution or custody documents from Pakistan or any other jurisdiction. Upon questioning by the court, petitioner testified that she and respondent briefly lived together in Illinois and that she was a victim of

domestic violence, which "started again" when they visited respondent's parents in Pakistan. In April 2017, petitioner returned to the United States, but respondent remained in Pakistan.

¶ 9    In granting the petition, the trial court noted that although respondent was personally served, it was "unclear" whether he was a permanent resident of Pakistan. The court further found that respondent did not submit himself to the jurisdiction of the United States or Illinois despite having knowledge of the proceedings. The court thereafter entered a written judgment for dissolution of marriage. Petitioner was awarded decision-making responsibility for the minor child, and the allocation of respondent's parenting responsibilities was reserved. The court also reserved property distribution, debt allocation, maintenance, and expenses related to the minor child. The court granted leave for petitioner and the minor child to use her maiden name and retained jurisdiction to enforce its judgment.

¶ 10    On November 9, 2020, respondent filed a *pro se* appearance in the circuit court. On November 12, 2020, he filed a *pro se* notice of appeal.[1]

¶ 11    On appeal, respondent contends that the trial court erred by granting the petition for dissolution (1) based upon "false claims," and (2) without providing him an opportunity to respond. He argues that the affidavit of the special process server is "false and orchestrated," and denies being served. He asks that this cause be remanded and that a "Senior Judge" who understands the "father child" relationship be appointed.

¶ 12    At the outset, our review of respondent's appeal is hindered by his failure to fully comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which "governs the form and content of

---

[1]Attached to respondent's brief is a copy of his *pro se* motion to vacate or modify the judgment which was filed in the circuit court on November 16, 2020. This document is not included in the record on appeal.

appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Although respondent is a *pro se* litigant, this status does not lessen his burden on appeal. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Rule 341(h) provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal" and an argument "which shall contain the contentions of the appellant and the reasons therefore, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). Pursuant to the rule, a reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 13    Here, respondent's briefs provide minimal citations to the record and fail to articulate a legal argument which would allow a meaningful review of his claims. Rather, respondent's briefs narrate the case from his perspective and cite no legal authority. "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. Additionally, respondent has attached to his briefs numerous documents that are not included in the record on appeal. We are precluded from considering these documents as they are not properly before this court and cannot be used to supplement the record. *Revolution Portfolio, LLC v. Beale*, 341 Ill. App. 3d 1021, 1024 (2003). Accordingly, to the extent that respondent's briefs fail to comply with Supreme Court Rule 341(h)(7), his arguments are forfeited.

¶ 14    Considering the content of respondent's briefs, it would be within our discretion to dismiss the appeal. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005) ("Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the appeal."). However, because the issues in this case are simple, and we have the benefit of a cogent brief from petitioner (see *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001)), we choose not to dismiss the appeal on that ground (see *Harvey v. Carponelli*, 117 Ill. App. 3d 448, 451 (1983)).

¶ 15    To the extent we can discern respondent's arguments on appeal, we first address his request that this court vacate the trial court's October 8, 2020 entry of a default judgment, including its decision to allow the minor child to use petitioner's last name.

¶ 16    A circuit court may enter a default judgment when a party fails to appear in court or fails to plead. 735 ILCS 5/2-1301(d) (West 2018). Pursuant to section 2-1301(e) of the Illinois Code of Civil Procedure, the trial court "may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/2-1301(e) (West 2018).

¶ 17    In the case at bar, however, respondent did not timely file a motion in the trial court to vacate a default judgment pursuant to section 2-1301(e); rather, he first filed the instant *pro se* appeal, which divested the trial court of jurisdiction. *Nolan v. Hearthside Homebuilders, Inc.*, 2020 IL App (1st) 182492, ¶ 75 ("Appellate review is initiated by the filing of a notice of appeal, which divests the trial court of jurisdiction and confers jurisdiction upon the appellate court." (internal quotation marks omitted)). It is well established that questions not raised in the trial court are

waived and may not be raised for the first time on appeal. See *Jackson v. Hooker*, 397 Ill. App. 3d 614, 617 (2010) (citing *Shell Oil Co. v. Department of Revenue*, 95 Ill. 2d 541, 550 (1983)).

¶ 18    Respondent further argues that the default judgment was improper because the affidavit of the special process server was false.

¶ 19    To determine whether the circuit court had personal jurisdiction over a party, we must consider the whole record, including the pleadings and the return of service. *Illinois Service Federal Savings & Loan Ass'n of Chicago v. Manley*, 2015 IL App (1st) 143089, ¶ 37. A process server's return affidavit is *prima facie* evidence of proper service, and the affidavit of service should not be set aside unless impeached with clear and convincing evidence. *Id*. "Courts are required to indulge in every reasonable presumption in favor of the return, and the uncorroborated testimony of the party upon whom service is made is not enough to set aside this evidence." *MB Financial Bank, N.A. v. Ted & Paul, LLC*, 2013 IL App (1st) 122077, ¶ 24. In other words, to impeach the affidavit of service, a party needs affirmative evidence. *Id.*; see also *Freund Equipment, Inc. v. Fox*, 301 Ill. App. 3d 163, 166 (1998) (a party's uncorroborated testimony that he was never served "is insufficient to overcome the presumption of service").

¶ 20    Personal service can be made "by leaving a copy of the summons with the defendant personally." 735 ILCS 5/2-203(a)(1) (West 2018). An affidavit of service requires identification of the sex, race and approximate age of the defendant or other person with whom the summons was left and the place, date, and time of day. 735 ILCS 5/2-203(b) (West 2018). The affidavit of process server Afshan attested to service on a man with black hair and brown skin, who identified himself as respondent on August 6, 2020, at 11:30 a.m. at A-334, Block 2, Guishan-e-Iqbal, in Karachi. Respondent's unsupported assertions that the process server's affidavit is false and that

he was not served does not defeat the presumption of the validity of the affidavit. See *Fox*, 301 Ill. App. 3d at 166.

¶ 21    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 22    Affirmed.