2022 IL App (1st) 211571-U

No. 1-21-1571

Order filed August 2, 2022

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JOHN RADOSEVICH, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 L 5308 |
| | ) | |
| DONALD BUTLER d/b/a Kapital Electric, | ) | Honorable |
| | ) | Daniel J. Kubasiak, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the trial court's default judgment where defendant did not file a timely answer or appearance and failed to impeach the affidavit of service establishing *prima facie* proof of personal service of the complaint.

¶ 2    Defendant Donald Butler appeals *pro se* from the trial court's order entering a default judgment in favor of plaintiff John Radosevich in his breach of contract and consumer fraud action. On appeal, defendant argues that the complaint was not served upon him within 30 days of "the filing of the complaint." We affirm.

¶ 3     The record on appeal lacks a report of proceedings. The following facts are adduced from the common law record, which includes plaintiff's verified complaint, the summons, alias summons, affidavit of a special process server, and the trial court's orders.

¶ 4     On May 24, 2021, plaintiff filed a verified complaint against defendant d/b/a Kapital Electric alleging breach of contract and consumer fraud. Plaintiff alleged that in August 2016, he engaged defendant, a resident of Cook County, to install a solar power system at plaintiff's residence in Lake County. Defendant's agent advised plaintiff that a cherry tree and grape vine trellis on plaintiff's property would not be disturbed and that shadowing from nearby power lines would not interfere with the solar array. Defendant provided a written proposal for installing the solar power system for $34,816, with estimated annual electricity production of 15,000 kWh. Defendant warrantied that electricity production would not fall below 13,000 kWh.

¶ 5     According to the complaint, defendant commenced work around December 2016. His workers removed the cherry tree and grape vines, inadequately configured the solar array, and used different materials than specified in the plans, and the power lines significantly shadowed the solar arrays and reduced power production. Defendant later reconfigured the solar array without submitting revised plans to the City of Beach Park for approval, and defects in the rebuilt array were not remedied. Ultimately, the solar power system was incapable of producing more than 9000 kWh of electricity annually. Plaintiff requested a judgment for $50,000, reflecting his payment to defendant, $15,000 in costs to purchase excess electricity, and attorney fees and costs. Plaintiff attached the initial proposal and an email communication between the parties.

¶ 6     On May 25, 2021, a summons issued to defendant's purported address in Chicago. On June 21, 2021, the Cook County sheriff attempted to serve the complaint on defendant at that address, but the resident informed the sheriff that defendant did not reside there.

¶ 7     On June 30, 2021, plaintiff filed a motion for appointment of a special process server, which the court granted on July 6, 2021. The alias summons issued on that date.

¶ 8     On August 5, 2021, plaintiff filed the affidavit of the special process server, who averred that he personally served defendant on August 4, 2021, in Bensenville, Illinois. Defendant did not file an appearance within 30 days.

¶ 9     On September 24, 2021, the court noted that defendant failed to timely appear and entered a default order against him. The court continued the matter to November 9, 2021, to prove-up the damages and enter judgment. Additionally, the court ordered plaintiff's counsel to serve a copy of the default order upon defendant using United States mail at the address where service of summons was made. Plaintiff filed the certificate of service on October 13, 2021, asserting the default order was mailed on September 24, 2021.

¶ 10    On November 9, 2021, the court entered a judgment against defendant for $50,077, plus costs totaling $728.63. The court ordered plaintiff's counsel to serve a copy of the judgment order upon defendant using United States mail at the address where service of summons was made. The record contains the filed certificate of service, asserting that the judgment order was mailed on November 9, 2021.

¶ 11    The record does not show that defendant filed an appearance or answer in the trial court. On December 2, 2021, defendant filed a *pro se* notice of appeal.

¶ 12    On appeal, defendant contends that, in violation of Illinois Supreme Court Rule 102 (eff. May 28, 2021), he was not served with the complaint until "mid August," more than 30 days after the complaint was filed on May 24, 2021. He argues that he then filed an appearance "within the 30 day period," which was "rejected" and he was not notified of any other court dates until after the November 2021 judgment was entered.[1] Defendant also addresses allegations in the complaint concerning his estimates, the location of the solar power system, and the manner of work.

¶ 13    As an initial matter, we note that defendant's brief uses a form authorized by our supreme court, but fails to comply with many of the requirements of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the content of appellate briefs. His brief does not contain, *inter alia*, any statement of jurisdiction (see Ill. S. Ct. R. 341(h)(4) (eff. Oct. 1, 2020)), a statement of facts necessary to understand the case (see Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020)), or an argument section containing citations to legal authority supporting his claims (see Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020)).

¶ 14    The supreme court rules are not suggestions, and we may strike a brief for failure to comply with the rules. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. A reviewing court is entitled to have briefs submitted that present an organized and coherent legal argument in accordance with the supreme court rules. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). A party's status as a *pro se* litigant does not relieve him of his obligation to comply with the applicable appellate practice rules. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶ 26. We have the authority to dismiss an appeal where the appellant's brief does not comply with Rule 341's requirements. *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. Nevertheless, we may

_____

[1] The record on appeal does not reflect that defendant filed an appearance.

review an otherwise insufficient appeal where "we understand the issue plaintiff intends to raise and especially where the court has the benefit of a cogent brief of the other party." *Twardowski*, 321 Ill. App. 3d at 511.

¶ 15    Here, plaintiff has filed a cogent response brief. We, therefore, elect to address the appeal on the merits. See *Estate of Jackson*, 354 Ill. App. 3d 616, 620 (2004) (the reviewing court may review the merits of the appeal, despite multiple Rule 341 deficiencies).

¶ 16    Service of process protects a defendant's right to due process by providing notice of an action and an opportunity to be heard. *Illinois Service Federal Savings & Loan Ass'n of Chicago v. Manley*, 2015 IL App (1st) 143089, ¶ 36. A default judgment generally may be entered only when the defaulted party fails to file an answer or an appearance. *In re C.J.*, 2013 IL App (5th) 120474, ¶ 7; 735 ILCS 5/2-1301(d) (West 2020). However, failure to effect service deprives a court of jurisdiction over the defendant and, thus, any default judgment based upon the defective service is void. *Manley*, 2015 IL App (1st) 143089, ¶ 36. We review the issue of whether the court obtained personal jurisdiction over a defendant *de novo*. *Sutton v. Ekong*, 2013 IL App (1st) 121975, ¶ 17.

¶ 17    Under the supreme court rules, a plaintiff must serve the summons to a defendant no later than 30 days after its date of issuance. Ill. S. Ct. R. 102(b) (eff. May 28, 2021). The defendant must then file his appearance within 30 days of service. Ill. S. Ct. R. 101(d) (eff. May 21, 2021). A special process server's affidavit is *prima facie* evidence of proper service, and will not be set aside unless impeached by clear and convincing evidence. *Manley*, 2015 IL App (1st) 143089, ¶ 37. "Courts are required to indulge in every reasonable presumption in favor of the return, and the

uncorroborated testimony of the party upon whom service is made is not enough to set aside this evidence." *MB Financial Bank, N.A. v. Ted & Paul, LLC*, 2013 IL App (1st) 122077, ¶ 24.

¶ 18    Here, initial summons for service of the complaint was issued on May 25, 2021, and the sheriff attempted personal service within 30 days, on June 21, 2021. When that service was unsuccessful, plaintiff on June 30, 2021, requested appointment of a special process server. See 735 ILCS 5/2-202(a-5) (West 2020) ("Upon motion and in its discretion, the court may appoint as a special process server a private detective agency"). The court appointed the special process server and the alias summons issued on July 6, 2021. The special process server personally served defendant with the alias summons on August 4, 2021, 29 days later. Plaintiff filed the special process server's affidavit attesting to that service, providing *prima facie* evidence of proper service. *Manley*, 2015 IL App (1st) 143089, ¶ 37.

¶ 19    Although defendant claims he was not served until "mid August," he has not identified any evidence that he was not served on August 4, 2021, as sworn in the affidavit. See *Id.*; *Charles Austin, Ltd. v. A-1 Food Servs., Inc.*, 2014 IL App (1st) 132384, ¶ 16 (to attack a default judgment for lack of personal jurisdiction, the challenger must produce evidence impeaching the return of service by clear and convincing evidence). Thus, service was proper and the court had personal jurisdiction over defendant when it entered default judgment against him. See *Manley*, 2015 IL App (1st) 143089, ¶ 37.

¶ 20    Although defendant contends that he was not served within 30 days of plaintiff filing his complaint, the record reflects such service was timely attempted within 30 days of the issuance of the initial summons. When service was unsuccessful, the court properly granted plaintiff's request for a special process server (735 ILCS 5/2-202(a-5) (West 2020)) and an alias summons issued.

As noted above, the special process server's affidavit shows defendant was then timely served within 30 days of the issuance of the alias summons. See Ill. S. Ct. R. 102(b) (eff. May 28, 2021). Defendant has not set forth any facts undermining the affidavit. Thus, defendant's assertions do not defeat the affidavit's presumption of validity. See *Ted & Paul, LLC*, 2013 IL App (1st) 122077, ¶ 24.

¶ 21    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 22    Affirmed.